## Executive Committee of Banks.

*Banks and banking—Executive committee—Cashier—Act of May 13, 1876.*
A cashier of a bank incorporated under the Act of May 13, 1876, P. L. 161, has the right to be a member of its executive committee, composed of two directors and himself.

Department of Justice. Opinion to Hon. John W. Morrison, First Deputy Secretary of Banking.

BROWN, Dep. Att'y-Gen., Dec. 12, 1923.—This department is in receipt of your letter asking to "be advised whether or not the cashier of a bank incorporated under the Act of May 13, 1876, P. L. 161, can act as a member of the executive committee of a bank, which committee is composed of two directors and the cashier, if eligible."

Section 12 of the Act of May 13, 1876, P. L. 161, provides: "That the affairs of every corporation organized under this act shall be managed by not less than five directors, one of whom shall be president and another vice-president; no cashier, clerk or teller in any of the corporations organized under this act shall be eligible as a director thereof. . . ."

Executive Committee of Banks.

The directors of every corporation organized under the act shall manage its affairs, but in such management there is nothing in the act which forbids them making rules and regulations and imposing duties upon the managing officers of the corporation. In imposing such duties, a certain authority in the cashier or managing officer necessarily follows, so that at this time the exercise of a bank's authority is generally divided between the directors and the cashier. The tendency on the part of the directors is to lessen their functions and increase those of the cashier. Some of the very things which were regarded as the most important duties of the directors are now largely confided to cashiers or committees, and so long as no positive law is disregarded this granting of authority to, and imposing duties upon, a cashier is legal.

Formerly the line of division in the exercise of authority by directors and cashier was marked and distinct. At this time, except in express statutory requirements, their official authority is often blended, and there is no longer any material difference in the authority exercised by them.

The directors must manage the affairs of the corporation, but this they may do with the advice, aid and assistance of the managing officer, and in no way can this assistance be given to better advantage to the corporation than as a member of the executive committee. The cashier is necessarily more familiar with the affairs of the bank than any director can be. He devotes all his time to it, while they are but occasionally occupied with its management. It is, therefore, but proper, when an executive committee is named, that it should have the benefit of the cashier's knowledge and experience, and that he should be a member of such committee, and this is in no wise forbidden by the Act of 1876.

"The cashier is the general executive officer of the bank. He is the general agent of the bank in dealing with its customers, and the general rule resulting from his situation is that his contractual acts bind the bank, unless they are contrary to law or to what stands for the bank's charter or to public policy. He is not the agent of the board of directors, but of the bank itself: . . ." Zane on Banks and Banking, 151.

This was held to be the rule in this State, and in Bissell v. First National Bank of Franklin, 69 Pa. 415, it was laid down: "The cashier of an incorporated bank is the general executive officer to manage its concerns in all things not peculiarly committed to the directors; he is agent of the corporation, not of the directors." This was reaffirmed in National Bank of Bedford v. Stever, 169 Pa. 574.

The cashier being the executive officer of a bank to manage its concerns, why should he not be a member of the executive committee?

Section 18 of the act bears out the views here expressed, for it provides: "That before the cashier, teller, book-keeper or other persons necessary for executing the business of the corporation shall enter upon their duties, they shall each enter into articles of agreement with the corporation for the proper discharge of his duty, in which it shall be provided, among other things, that he will give the business of the corporation his care and attention. . . ."

This is a provision for the cashier to execute the business of the corporation. The executive committee is one of the means used in executing that business, and the cashier, as the general executive officer to manage its concerns, has a right to be a member of that committee.

You are, therefore, advised that the cashier of a bank incorporated under the Act of May 13, 1876, P. L. 161, has a right to be a member of the executive committee of such bank.

From C. P. Addams, Harrisburg, Pa.